IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: **Jeweltex Enterprises, Inc.** § | | **Case No. 20-40485** |
| § | | |
| *Debtor* § | | **Chapter 11** |

**INTERIM ORDER FOR USE OF CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND PROVIDING ADEQUATE PROTECTION AND GRANTING LIENS AND SECURITY INTERESTS**

Upon the Emergency Motion for Use of Cash Collateral (the "**Motion**") pursuant to §§ 105, 361, 363 and 364 of Title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Federal Rule of Bankruptcy Procedure 4001, Jeweltex Enterprises, Inc. ("**Debtor**"), subject to the terms and conditions set forth herein, including the (i) grant of mortgages, security interests, liens and claims for the benefit of secured creditors post petition which is co-extensive with Pre-petition liens and (ii) grant of mortgages, security interests, liens and claims in order to provide adequate protection secured creditors as more fully set forth herein, and upon the proceedings held before this Court and good and sufficient cause appearing therefore,

THE COURT HEREBY FINDS:

1. On February 17, 2020, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is now operating its business and managing its property as a debtor in possession pursuant to Sections 1107( a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has yet been appointed.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O). Venue of the Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. An immediate and critical need exists for the Debtor to obtain funds in order to continue the operation of its business. Without such funds, the Debtor will not be able to pay its payroll and other direct operating expenses and obtain goods and services needed to carry on its business during this sensitive period in a manner that will avoid irreparable harm to the Debtor's estate. At this time, the Debtor's ability to use Cash Collateral is vital to the confidence of the Debtor's vendors and suppliers of the goods and services, to the customers and to the preservation and maintenance of the going concern value of the Debtor's estate.

4. Substantially all of the Debtor's assets are potentially subject to the Prepetition Liens of two creditors – Kapitus, LLC, and Paypal, including liens on equipment, rents, furniture, fixtures, goods, general intangibles, accounts, contract rights and inventory.

5. The Debtor has requested immediate entry of this Order pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2). The permission granted herein to allow the Debtor to obtain the use of Cash Collateral financing is necessary to avoid immediate and irreparable harm to the Debtor. This Court concludes that entry of this Order is in the best interests of the Debtor and its estate and creditors as its implementation will, among other things, allow for the continued operation and rehabilitation of the Debtor's existing business.

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT**:

1. The Debtor is hereby authorized to enter into all agreements pursuant to the terms of this Order necessary to allow the Debtor to use Cash Collateral, **but only until the next interim hearing set for Friday, February 28, 2020, at 10:30 a.m.** (the "**Authorized Period**") and subject

to the protections and consideration described in this Order in the amounts and for the expenses set forth herein (and in the amounts described in the monthly budget attached hereto).

2. Specifically, the Debtor is authorized to use cash collateral during the Authorized Period for the limited purposes described as follows:

(1) To incur costs related to providing repair services;

(2) To incur costs not to exceed $10,000 in obtaining new inventory for sale;

(3) To incur costs for health insurance.

3. The Debtor, without the prior written approval of Kapitus and Paypal, should not incur expenses for any line item for an amount that exceeds the lesser of the amount for such line item in the budget and the actual expenditure for such line item. The Debtor is authorized to collect and receive all accounts receivable

4. For purposes of this Order, "proceeds" of any of any secured creditor's collateral shall mean Proceeds (as defined in the Uniform Commercial Code) of such collateral.

5. As security for all Cash Collateral permitted to be used hereunder by the Debtor, Kapitus and Paypal are hereby granted valid, binding, enforceable, and perfected liens (the "Post-petition Liens") co-extensive with their pre-petition liens in all currently owned or hereafter acquired property and assets of the Debtor, of any kind or nature, whether real or personal, tangible or intangible, wherever located, now owned or hereafter acquired or arising and all proceeds and products, including, without limitation, all cash, goods, accounts receivable, inventory, general intangibles, deposit accounts, machinery, equipment.

6. To be clear, such liens granted to Kapitus and Paypal shall be no greater than any liens as they existed prior to the filing of the instant bankruptcy case.

7. As adequate protection in accordance with Section 363(e) of the Bankruptcy Code, the Debtor shall pay to Kapitus and Paypal the regularly scheduled post-petition payments as they come due.

8. The automatic stay under Section 362(a) of the Bankruptcy Code shall be, and it hereby is, modified to the extent necessary to permit Kapitus and PayPal to retrieve, collect and apply payments and proceeds in respect of the Pre-petition Collateral and Post-petition Collateral in accordance with the terms and provisions of this Order.

9. The provisions of this Order shall be binding upon and inure to the benefit of Kapitus, PayPal and the Debtor. However, nothing herein shall prevent Kapitus and/or PayPal from seeking any form of relief under the Bankruptcy Code.

10. A continued interim hearing is hereby scheduled for **Friday, February 28, 2020, at 10:30 a.m.** to consider entry of a further Interim order and the scheduling of a final hearing. Prior to such hearing, the Debtor shall make best efforts to provide actual notice to secured creditors regarding the reset hearing. Debtor shall also prepare an undated, narrow budget that includes only the 2-week period following the next interim hearing.

Signed on 2/24/2020

*Brenda T. Rhoades*  SR

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

**Order prepared and submitted by:**

**/s/ Gregory W. Mitchell**
Gregory W. Mitchell
The Mitchell Law Firm, L.P.

12720 Hillcrest Road, Suite 625
Dallas, Texas  75230
(972)463-8417 – Office
(972)432-7540 – Facsimile
greg@mitchellps.com – E-mail
State Bar ID: 00791285
Proposed Counsel for Debtor