# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| In re: **Jeweltex Enterprises, Inc.** | § | Case No. 20-40485 |
| | § | |
| *Debtor* | § | Chapter 11 |

## SECOND INTERIM ORDER FOR USE OF CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND PROVIDING ADEQUATE PROTECTION AND GRANTING LIENS AND SECURITY INTERESTS

Upon the Emergency Motion for Use of Cash Collateral (the "**Motion**") pursuant to §§ 105, 361, 363 and 364 of Title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Federal Rule of Bankruptcy Procedure 4001, Jeweltex Enterprises, Inc. ("**Debtor**"), subject to the terms and conditions set forth herein, including the (i) grant of mortgages, security interests, liens and claims for the benefit of secured creditors post petition which is co-extensive with Pre-petition liens and (ii) grant of mortgages, security interests, liens and claims in order to provide adequate protection secured creditors as more fully set forth herein, and upon the proceedings held before this Court and good and sufficient cause appearing therefore,

THE COURT HEREBY FINDS:

1.   On February 17, 2020, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is now operating its business and managing its property as a debtor in possession pursuant to Sections 1107( a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has yet been appointed.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O). Venue of the Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. An immediate and critical need exists for the Debtor to obtain funds in order to continue the operation of its business.  Without such funds, the Debtor will not be able to pay its payroll and other direct operating expenses and obtain goods and services needed to carry on its business during this sensitive period in a manner that will avoid irreparable harm to the Debtor's estate.  At this time, the Debtor's ability to use Cash Collateral is vital to the confidence of the Debtor's vendors and suppliers of the goods and services, to the customers and to the preservation and maintenance of the going concern value of the Debtor's estate.

4. Substantially all of the Debtor's assets are potentially subject to the Prepetition Liens of two creditors – Kapitus, LLC, and Paypal, including liens on equipment, rents, furniture, fixtures, goods, general intangibles, accounts, contract rights and inventory.

5. The Debtor has requested immediate entry of this Order pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2).  The permission granted herein to allow the Debtor to obtain the use of Cash Collateral financing is necessary to avoid immediate and irreparable harm to the Debtor. This Court concludes that entry of this Order is in the best interests of the Debtor and its estate and creditors as its implementation will, among other things, allow for the continued operation and rehabilitation of the Debtor's existing business.

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT**:

1. The Debtor is hereby authorized to enter into all agreements pursuant to the terms of this Order necessary to allow the Debtor to use Cash Collateral until the final hearing on this matter **set for Tuesday, March 24, 2020, at 9:30 a.m.** (the "**Authorized Period**") and subject to

the protections and consideration described in this Order in the amounts and for the expenses set forth in the four-week budget attached hereto.

2. The Debtor, without the prior written approval of Kapitus and Paypal, should not incur expenses for any line item for an amount that exceeds the lesser of the amount for such line item in the budget and the actual expenditure for such line item. The Debtor is authorized to collect and receive all accounts receivable

3. For purposes of this Order, "proceeds" of any of any secured creditor's collateral shall mean Proceeds (as defined in the Uniform Commercial Code) of such collateral.

4. As security for all Cash Collateral permitted to be used hereunder by the Debtor, Kapitus and Paypal are hereby granted valid, binding, enforceable, and perfected liens (the "Post-petition Liens") co-extensive with their pre-petition liens in all currently owned or hereafter acquired property and assets of the Debtor, of any kind or nature, whether real or personal, tangible or intangible, wherever located, now owned or hereafter acquired or arising and all proceeds and products, including, without limitation, all cash, goods, accounts receivable, inventory, general intangibles, deposit accounts, machinery, equipment.

5. To be clear, such liens granted to Kapitus and Paypal shall have the same validity, extent and priority as they existed prior to the filing of the instant bankruptcy case.

6. As adequate protection in accordance with Section 363(e) of the Bankruptcy Code, the Debtor shall pay to Kapitus and Paypal the adequate protection payments described in the attached budget as they come due.

7. <u>Adequate Protection Liens</u>. As adequate protection for Kapitus's interests in the Prepetition Collateral, and to the extent that the Cash Collateral is utilized by the Debtor, for the purposes of providing adequate protection within the meaning of Bankruptcy Code §§ 361 and

363, Kapitus is hereby granted (effective and perfected to the extent of pre-petition liens as of the Petition Date and without the necessity of the execution, recording or filing of mortgages, security agreements, pledge agreements, financing statements, deposit control agreements, or other documents) valid and perfected replacement security interests (to the extent of pre-petition security interests) in, and liens on (the "**Adequate Protection Liens**"), the same type of post-petition assets in which Kapitus holds valid and perfected liens prior to the Petition Date and all cash or other proceeds generated post-petition by the Pre-Petition Collateral (the "**Collateral**") to the same extent, validity and priority as existed on the Prepetition Collateral. The Adequate Protection Liens shall constitute perfected liens on all of the Collateral as to which Kapitus held a valid and perfected lien as of the Petition Date to the same extent, validity and priority as existed on the Prepetition Collateral.  Kapitus's liens against the Debtor's Cash Collateral shall extend to any account holding such Cash Collateral, regardless of whether Kapitus has control over such account, and encumbers any Cash Collateral held in debtor-in-possession accounts required by applicable law.

8. <u>Perfection of Adequate Protection Liens</u>. This Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Adequate Protection Liens, to the extent consistent with pre-petition liens, without the necessity of filing or recording any mortgage, financing statement or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action to validate or perfect (in accordance with applicable law) the Adequate Protection Liens, or to effect the priorities acknowledged and/or granted herein. The Debtor is authorized and directed to execute and deliver promptly to Kapitus any such mortgage, financing statement or other instrument or document as Kapitus may reasonably request. Kapitus may file photocopies of this Order as a financing

statement or mortgage with any filing or recording office or with any registry of deeds or similar office, in addition to or in lieu of such financing statement, notices of lien, mortgage or similar instrument.

9. In no way does this order or any provision herein prevent the Debtor for contesting the validity and perfected status of any pre-petition liens.

10. <u>Rights Reserved</u>. Notwithstanding all terms to the contrary stated herein, this Order expressly reserves, and shall not be construed in any way as a waiver or relinquishment of, any rights or remedies, expressly or implicitly, that Kapitus may have at law and in equity, including but not limited to: (i) under the existing financing documents; (ii) Kapitus's right to seek any other or supplemental relief in respect of the Debtor, including the right to seek additional adequate protection or restriction on Cash Collateral (without prejudice to any other person's right to object to or otherwise oppose such additional adequate protection or restriction on Cash Collateral); (iii) Kapitus's right to object to impermissible use of Cash Collateral; (iv) Kapitus's agreement, consent, or acquiescence to the terms of any plan by virtue of any term or provision of this order; (v) Kapitus's right to assert any other rights, remedies, or defenses available to it to respond to any motion, application, proposal, or other action, all such rights, remedies, defenses, and opportunities to respond being specifically reserved by Kapitus; (vi) the rights of Kapitus with respect to the Debtor's sale of its accounts receivables; (vii) Kapitus's agreement, consent, or acquiescence to the terms of any plan of reorganization or treatment of its claim by virtue of any term or provision of this order; (viii) any of the rights or remedies of Kapitus under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, (a) the right to request modification of the automatic stay of Bankruptcy Code § 362, (b) the right to request dismissal or conversion of this chapter 11 case; (c) all rights and remedies under the Uniform Commercial Code; and (d) all rights

and remedies under the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* and any other applicable law. The Debtor reserves the right to object to the payment of default interest, and any portion of Kapitus's attorney's fees and expenses that the Debtor, in good faith, believes are not reasonable provided, however, nothing herein shall be construed to impair Kapitus's rights to seek the payment of default interest and the payment of their attorney's fees and expenses from the Debtor. Nothing herein contained shall prejudice the right of Kapitus to seek modification, extension, or termination of this order.

11. The automatic stay under Section 362(a) of the Bankruptcy Code shall be, and it hereby is, modified to the extent necessary to permit Kapitus and PayPal to retrieve, collect and apply payments and proceeds in respect of the Pre-petition Collateral and Post-petition Collateral in accordance with the terms and provisions of this Order.

12. The provisions of this Order shall be binding upon and inure to the benefit of Kapitus, PayPal and the Debtor. However, nothing herein shall prevent Kapitus and/or PayPal from seeking any form of relief under the Bankruptcy Code.

13. A final hearing is hereby scheduled for **Tuesday, March 24, 2020, at 9:30 a.m.** to consider entry of a final order.

Signed on 3/25/2020

#### END OF ORDER

_____ MD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

**Order prepared and submitted by:**

**/s/ Gregory W. Mitchell**

Gregory W. Mitchell
The Mitchell Law Firm, L.P.
12720 Hillcrest Road, Suite 625
Dallas, Texas 75230
(972)463-8417 – Office
(972)432-7540 – Facsimile
greg@mitchellps.com – E-mail
State Bar ID: 00791285
Proposed Counsel for Debtor